DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*



FILED
DEC 20 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ZURICH GLOBAL CORPORATE UK, and
ARCHER DANIELS MIDLAND COMPANY

    Plaintiffs,

- against -

A.P. MOLLER-MAERSK A/S d/b/a MAERSK
LINE and BNSF RAILWAY COMPANY

    Defendants.
------------------------------------x

'07 CIV 11412

07 Civ. JUDGE STANTON

**COMPLAINT**

Plaintiffs Zurich Global Corporate UK ("Zurich Global") and Archer Daniels Midland Company ("ADM") by their undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

1.  This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 14706), and/or Maritime jurisdiction under 28 U.S.C. 1333 and under Rule 9(h) of the F.R.C.P. and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

2.  Plaintiff Zurich Global is an insurance company organized and existing under the laws of a foreign country, and is the insurer of the Shipment that is the subject of this action, as more fully described below.

3.  ADM is a Delaware corporation and the owner of the Shipment that is the subject matter of this action, and is registered to do business in the State of New York.

4.  Defendant A.P. Moller-Maersk A/S d/b/a Maersk Line (hereinafter "Maersk")

is a corporation organized and existing under the laws of a foreign country, was and is doing business as a common carrier of goods by rail and sea for hire, and has its principal United States place business in the New York metropolitan area.

5.  Defendant BNSF Railway Company ("BNSF") is a corporation organized and existing under the laws of one of the States of the United States, was and is doing business as a common carrier of goods by rail for hire, and does business in the State of New York.

6.  Venue is proper here within the meaning of 28 U.S.C. § 1391. All defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). Also, under Maersk's terms and conditions, this venue is the agreed forum.

7.  On or about December 19, 2006, there was shipped by ADM and delivered to defendant Maersk, in and about Illinois and/or other State of the United States, a consignment of corn gluten meal, then being in good order and condition, in Containers PONU 0036035, GLDU 3108068, MSKU 2860347, OCLU 0914822, MSKU 2715061, POCU 0264941, MSKU 3429083, GLDU 0365355, SCMU 2061304, PONU 2003529, POCU 0567439, POCU 0482500, PONU 0265495, MSKU 3786542, MSKU 3142494, MSKU 2268338, TTNU 2297724, MSKU 2622518, CLHU 3133550, MSKU 3531710, TTNU 2940208, GLDU 2071730, POCU 0306435, POCU 0478901, TRIU 3854536 ("the Shipment"). Defendant Maersk accepted the Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said Shipment to California via rail and from there to Indonesia via vessel, and there deliver the Shipment in like good order and condition to ADM's customer and/or designee. Thereafter, Maersk delivered the Shipment into the hands of Defendant BNSF in good order and condition at a place in the United States. Defendant BNSF accepted the Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to

transport and carry said Shipment to California via rail, and there deliver the Shipment in like good order and condition to Maersk's vessel for carriage to Indonesia. Maersk issued one or more bills of lading, or should have issued one or more bills of lading, concerning the Shipment.

8. All portions of the carriage were part of an international and interstate transportation of goods.

9. On information and belief, on or about December 22, 2006 the BNSF train carrying the Shipment was involved in an incident which severely damaged the Shipment.

10. Defendants failed to deliver the Shipment in the same good order and condition as delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendants' obligations and duties as carriers of merchandise by rail and/or ocean for hire, and to perform their services with respect to the Shipment in a careful, workmanlike manner, and otherwise in violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

11. Plaintiff Zurich Global insured the Shipment, and plaintiff ADM owned the Shipment. Plaintiffs have incurred, and will incur, losses as a result of the damage to the Shipment. Plaintiffs are duly entitled to maintain this action, and have performed all conditions on their parts to be performed. Plaintiffs sue on their own behalf and behalf of all those who have an interest in the Shipment.

12. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $155,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES
(As against Defendant Maersk)

13. Plaintiffs incorporate herein by reference the allegations of paragraphs 1-12 above.

14. By reason of the foregoing, Defendant Maersk was a common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and breached its duties as a carrier under that Act and/or treaties and under the contract of carriage entered into by the Defendant Maersk.

15. By reason of the foregoing, Defendant Maersk has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $155,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT
(As against all Defendants)

16. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 15 above.

17. By reason of the foregoing, Defendants were rail carriers within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached their duty of a rail carrier under said law and under the contract of carriage.

18. By reason of the foregoing, Defendants have caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount estimated to be up to and exceeding US

$155,000.00.

## THIRD CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT SHIPMENT
(As against all Defendants)

19. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 18 above.

20. Defendants, directly or through their employees, agents or independent contractors, each willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as were reasonably required and would be sufficient to prevent the damage to the Shipment.

21. The Shipment suffered loss as alleged herein, as a proximate result of defendants' said willful, reckless and/or negligent conduct.

22. By reason of the foregoing, Defendants have caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount estimated to be up to and exceeding US $155,000.00.

## FOURTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
(As against all Defendants)

23. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 22 above.

24. Defendants at relevant times acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Shipment at the time it was in their custody. Defendants thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those obligations and negligently failed to deliver to Plaintiffs' assured's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

25. By reason of the foregoing, the Defendants have caused damage as alleged herein to Plaintiffs and to the others on whose behalf Plaintiffs sue, and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $155,000.00.

WHEREOF, Plaintiff pray:

1. That judgment may be entered in favor of Plaintiffs against Defendants for the amount of each Plaintiffs' damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: Rye, New York
December 19, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*

F:\WP-DOCS\2309.79\121907 Complaint.doc